WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Andrew Moon,<br><br>Defendant. | No. CR-22-00700-001-PHX-DWL<br><br>**ORDER** |

On June 21, 2022, a grand jury in the District of Arizona returned an indictment charging Defendant Andrew Moon ("Moon") with 78 firearms-related offenses. (Doc. 1.) "The purpose of this conspiracy was to purchase firearms from licensed dealers of firearms by means of false statements and representations, to resell those firearms for profit, and to deliver firearms to Mexico." (*Id.*)

Moon was served with a summons requiring him to appear at his initial appearance, which was initially scheduled for July 6, 2022 and then rescheduled for July 13, 2022. (Docs. 4, 7, 8, 10.) However, Moon failed to appear at both hearings. (Docs. 8, 10.) As a result, a warrant was issued for Moon's arrest. (Doc. 10.)

On October 1, 2025, Moon attempted to enter the United States from Mexico via the San Ysidro port of entry in California. (Doc. 29 at 2.) Pursuant to the outstanding warrant, Moon was arrested. (*Id.*) Moon thereafter had an initial appearance before a magistrate judge in the Southern District of California. (*Id.*) On October 7, 2025, the magistrate judge issued a release order, authorizing Moon to be released on a $35,000 bond,

but stayed the release order until noon on October 10, 2025. (*Id.*) The government, in turn, has filed a motion in the District of Arizona "for emergency stay and review of release order." (Doc. 29.) "The Government respectfully requests the Court to grant the Government's Motion to Stay the Order of Release and to hold and detain Defendant Moon pending the *de novo* detention hearing at the Court's convenience." (*Id.* at 8.)

Under 18 U.S.C. § 3145(a)(1), "[i]f a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court," "the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release." *Id.* That is the situation here, so the government may permissibly seek review in this Court of the release order issued by the magistrate judge in the Southern District of California.

Additionally, as many courts have recognized, "[a] necessary adjunct to the authority to review is the authority to stay." *United States v. Trinidad-Acosta*, 2011 WL 5546547, *1 (D. Me. 2011). *See also United States v. Jubert*, 2023 WL 5831098, *2 (S.D. Miss. 2023) ("[W]hile Section 3145 does not expressly authorize a stay . . . the absence of stay authority could render the district court's review power illusory. Accordingly, a district judge in the jurisdiction where the offense took place would have the authority to issue a stay of a release order, even if the release order was issued by a magistrate judge in a different jurisdiction.") (cleaned up). *See generally United States v. Brigham*, 569 F.3d 220, 230 (5th Cir. 2009) ("[W]e find the stay imposed by the district court to be without legal error.").

On the merits, "[a] stay of a release order can only be issued if the Government shows either a likelihood of success on the merits or can at least demonstrate a substantial case on the merits and other factors militate against release. Other factors include: (1) whether the applicant will be irreparably injured absent a stay; (2) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (3) where the public interest lies." *United States v. Salazar-Andujo*, 599 F. Supp. 3d 491, 496 (W.D.

Tex. 2022) (cleaned up).  The Court concludes a stay is warranted here because the government has shown a likelihood of success on the merits on, at a minimum, the question of whether Moon should be detained without bond as a flight risk.  Most significant is the fact that Moon failed to attend his initial appearance in 2022, despite being served with a summons, and was only apprehended three years later while attempting to reenter the country from Mexico.  *Cf. United States v. Benally*, 2007 WL 3307199, *1 (D. Ariz. 2007) ("Defendants' three previous convictions for failure to appear . . . show that Defendant is a flight risk.").

Accordingly,

**IT IS ORDERED** that:

1. The government's motion for emergency stay and review of release order (Doc. 29) is **granted**.

2. The release order as to Moon is **stayed** pending this Court's consideration of the merits of the government's request for review of the release order.  The hearing on that request will be set upon Moon's in-custody arrival and initial appearance in this District.

Dated this 9th day of October, 2025.

_____
Dominic W. Lanza
United States District Judge